UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TYRONE ADAM WILLIAMSON | Case No.: 3:14-CV-00590-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| KAISER PERMANENTE and DAVID SUNGEYUN CHO, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

Plaintiff Tyrone Adam Williamson ("Williamson") filed this case in April 2014 alleging injuries caused by a negligent surgical operation performed by Defendants Kaiser Permanente and David Sungeyun Cho ("Defendants"). Williamson never served Defendants with the Complaint and

FINDINGS AND RECOMMENDATION - 1                                              [RMD]

summons. Other than his Complaint, Williamson has not filed any pleadings with the court and has not communicated with the court in any form. The court four times appointed pro bono counsel for Williamson, but all four attorneys declined to represent Williamson.

On November 13, 2014, this court, by its own motion, issued an order to show cause for lack of prosecution. (Dkt. No. 31.) A clerk's notice of mailing was entered in the case docket the following day, evidencing notice to Williamson of the court's order. (Dkt. No. 32.) Williamson did not respond to the court's order and did not appear at the December 1, 2014 hearing on the Order to Show Cause. At no time prior to the show-cause hearing did Williamson contact the court to ask that the hearing be rescheduled or inform the court he would not be able to attend, and at no time after the hearing did Williamson contact the court about the hearing or to explain why he failed to attend the hearing.

Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or comply with these rules of a court order," the court may dismiss the plaintiff's claims. Local Rule 41-2 permits the court to "notice for hearing any action or proceeding which does not appear to be diligently prosecuted." LR 41-2(a). Before the case may be dismissed, the court must give the party an opportunity to file a written brief explaining his or her lack of diligence in prosecuting the case. LR 41-2(b).

Here, Williamson filed his lawsuit in April 2014 but since then he has done nothing to prosecute his case. The court subsequently provided Williamson with notice that he was to appear and provide good cause why the court should not dismiss his case for failing to prosecute it diligently. Williamson did not file any response to the court's order, failed to appear at the December 1, 2014 show-cause hearing, and otherwise did not contact the court about the show-cause

hearing or his case generally. Williamson has otherwise provided no explanation or excuse for his absence. Therefore, the court recommends Williamson's case be dismissed with prejudice for failure to prosecute.

*Conclusion*

For the aforementioned reasons, the court should DISMISS the present matter with prejudice.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due on December 15, 2014. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 1st day of December, 2014.

JOHN V. ACOSTA
United States Magistrate Judge